UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL BOYNE | ) | CASE NO. 3:24-cv-00065 (KAD) |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESUS GUADARAMA | ) | OCTOBER 3, 2024 |
| *Respondent.* | ) | |

<u>MEMORANDUM OF DECISION</u>
RE: MOTION TO VACATE JUDGMENT (ECF NO. 50); MOTIONS FOR CLARIFICATION (ECF NO. 39–43, 45–49, 55); MOTION FOR RECONSIDERATION (ECF NO. 51); MOTION FOR STATUS UPDATE (ECF NO. 52); MOTION FOR WRIT (ECF NO. 53); MOTION FOR IMMEDIATE INJUNCTION (ECF NO. 56); MOTION FOR IMMEDIATE HEARING (ECF NO. 57)

Kari A. Dooley, United States District Judge:

Petitioner Paul Boyne ("Petitioner" or "Boyne"), a pretrial detainee incarcerated at MacDougall-Walker Correctional Institution, filed a habeas corpus action challenging the constitutionality of his pre-trial detention. On June 14, 2024, the Court granted Respondent's motion to dismiss the petition on the ground that the court should abstain from hearing the case under *Younger v. Harris*, 401 U.S. 37 (1971). Boyne filed a notice of appeal on June 17, 2024, and then filed ten motions for clarification, a motion to vacate judgment, a motion for reconsideration, a "motion for writ," a motion for immediate injunction, and a motion for immediate hearing. For the reasons that follow, Boyne's motions are denied.

**Motion to Vacate Judgment**

Boyne does not identify the authority on which he relies in filing his various motions. As he filed the motion to vacate within 28 days of the judgment, the court construes the motion as filed pursuant to Federal Rule of Civil Procedure 59(e)[1].

---

[1] In addition, Petitioner's motion does not offer any basis for the relief sought that might reasonably be construed as falling within Rule 60(b).

Federal Rule of Civil Procedure 59(e) "permits a court to 'alter or amend judgment to correct a clear error of law or prevent manifest injustice.'" *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008)); *see Munafo v. Metropolitan Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (specifically approving district court's authority under Rule 59(e) to "alter or amend [a] judgment to correct a clear error of law or prevent manifest injustice.").

"Rule 59(e) covers a broad range of motions, including motions for reconsideration...." *Association for Retarded Citizens v. Conn. v. Thome*, 68 F.3d 547, 553 (2d Cir. 1995). However, it is well settled that Rule 59(e) may not be used to relitigate old issues, present the case under new theories, secure a rehearing on the merits, or otherwise take a "'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (quotation marks and citation omitted). "The 'narrow aim' of Rule 59(e) is 'to make clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *Greene v. Town of Blooming Grove*, 935 F.2d 507, 512 (2d Cir. 1991) (internal citation omitted). A motion to alter or amend judgment is an "extraordinary remed[y] to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (citation and quotation marks omitted).

The standard for granting a Rule 59 motion "is strict, and reconsideration will generally be denied unless the party can point to controlling decisions or data that the court overlooked—

2

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Thus, a rule 59(e) motion is not the proper vehicle for a litigant dissatisfied with the court's ruling to reargue issues that were already considered. *See Doe v. Winchester Bd. of Educ.,* No. 10-CV-1179 (VAB), 2017 WL 662898, at *2 (D. Conn. Feb. 17, 2017).

Most of Petitioner's filings contain arguments that can only be fairly characterized as attempts to relitigate issues already presented. The only argument that might reasonably be advanced in a motion for reconsideration is that the court failed to acknowledge or address *Dombrowski v. Pfister*, 380 U.S. 479 (1965), which, he asserts defeats any abstention arguments. Having now considered this argument, the Court concludes that *Dombrowski* does not alter the Court's analysis.

The plaintiffs and intervenors in *Dombrowski* were civil rights advocates in Louisiana who were subjected to a campaign of harassment by state and local officials, under the color of certain state anti-communist statutes. *Id.* at 482. This harassment included arrests, raids on their offices, seizures of their files and records, and threats of prosecution which persisted even after state courts quashed the arrest warrants and suppressed the seized evidence. *Id.* at 487–488. The plaintiffs' alleged that the continued threats of prosecution under the statutes "[were] not made with any expectation of securing valid convictions," but instead were designed to discourage them and their supporters from continuing their civil rights work. The Supreme Court held that "the abstention doctrine is inappropriate for cases ... where ... statutes are justifiably attacked on their face as abridging free expression, or as applied for the purpose of discouraging protected activities," and ultimately enjoined the state prosecution. *Id*. at 489–90, 497–98.

In *Younger*, decided approximately six years later, and on which this Court relied in granting Respondent's motion to dismiss, the Supreme Court distinguished *Dombrowski*, holding that the repeated, bad-faith prosecution by Louisiana officials established irreparable injury "above and beyond that associated with the defense of a single prosecution brought in good faith," and was thus sufficient to justify federal intervention. *Younger*, 401 U.S. 37 at 48. In *Younger,* as here, there was already an action pending in state court that provided the plaintiff "an opportunity to raise his constitutional claims," and there was no indication that the prosecution was brought in bad faith or that plaintiff would be subjected to "a series of repeated prosecutions." *Id.* at 49. The court therefore held that "the injury that [plaintiff] faces is solely that incidental to every criminal proceeding brought lawfully and in good faith," and ultimately held that abstention was warranted. *Id.* (internal citation omitted).

Invoking *Dombrowski*, Petitioner argues that the Court's discussion of speech in its memorandum of decision necessarily requires the Court to undertake analysis of the statute in question for First Amendment vagueness or overbreadth. Mot. to Vacate J., ECF No. 50 at 1–2. But the Supreme Court in *Younger* addressed this very issue. There, the district court, (reading *Dombrowski* as Petitioner does), apparently "thought that the Dombrowski decision substantially broadened the availability of injunctions … without regard to any showing of bad faith or harassment, whenever a state statute is found 'on its face' to be vague or overly broad, in violation of the First Amendment." *Id.* at 50. Disagreeing with this proposition, the *Younger* court reversed, finding the district court's analysis, "fundamentally at odds with the function of federal courts in our constitutional plan." *Id.* at 52. The Court went on to cabin the *Dombrowski* decision, holding that it "should not be regarded as having upset the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions," and that it does

4

not "stand[] for the proposition that a federal court can properly enjoin enforcement of a statute solely on the basis of a showing that the statute 'on its face' abridges First Amendment Rights." *Id.* at 53.[2]

*Dombrowski*, therefore, does not alter this Court's earlier conclusion that *Younger* abstention is appropriate. In order to trigger the "very narrow[] availability of injunctive relief against state criminal prosecutions" established in *Younger*, Petitioner must demonstrate that one of the exceptions to *Younger* abstention applies by showing "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Id.* at 54. And as the Court has already articulated, Petitioner has failed to make such a showing. *See* Mem. of Decision, ECF No. 35 at 5–9.

As Petitioner has failed to identify controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court, he has not met the strict standard for reconsideration under Rule 59(e). Petitioner advances no other cognizable arguments in his motion to vacate judgment, and the motion is therefore DENIED.

**Conclusion**

The motion to vacate judgment (ECF No. 50) is DENIED.

Further, Petitioner's motion for reconsideration (ECF. No. 51), motion for immediate injunction (ECF No. 56), and motion for immediate hearing (ECF No. 57) seek reconsideration based on *Dombrowski*. These motions are DENIED for the reasons set forth above.[3]

---

[2] Petitioner does not make a facial challenge to Connecticut's stalking statute. He contends that the statute as applied to him would punish him for his protected speech. *See* Pet., ECF No. 1 at 3. ("CT criminal stalking statutes do not apply to speech in Virginia…").

[3] In his motion for immediate hearing, ECF No. 57, Petitioner also cites *Speiser v. Randall*, 357 U.S. 513, 526 (1958) to support his argument. However, that decision is easily distinguishable from the facts in this case. In *Speiser*, the Supreme Court decided a challenge to a California law which required World War II veterans to sign a loyalty oath prior to receiving a property-tax exemption under the California constitution. *Id.* at 514–515. Nothing about the case related to abstention doctrine. It did not involve a state criminal prosecution, and the case worked its way through the California state court system without interruption prior to being taken up by the Supreme Court. *Id.*

Petitioner's motion for writ (ECF No. 53) is DENIED as Petitioner simply repeats his request for relief under 28 U.S.C. § 2241. The Court has already granted Respondent's motion to dismiss, and Petitioner cites no additional authority which compels the Court to reconsider that decision.

Boyne's motions for clarification (ECF. Nos. 39, 40, 41, 42, 43, 45, 46, 47, 48, 49, and 55) either seek reconsideration based on *Dombrowski* or reassert his constitutional challenges to his prosecution, issues the court has declined to address under the abstention doctrine. Thus, the motions for clarification are DENIED. As all outstanding motions have now been addressed, Petitioner's Motion for Status Update (ECF No. 52) is moot.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of October 2024.

　　　　　　　　　　　　　　　　　　　　　　 /s/ Kari A. Dooley　　　　　　
　　　　　　　　　　　　　　　　　　　　　　KARI A. DOOLEY
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

at 515, n. 1. *Speiser's* only connection to the instant case is that it involved purported restrictions on speech. It therefore has no bearing on the Court's reasoning here.